# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raymond Hunt,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>M. Ramirez et al.,<br><br>　　　　　　　　Defendants. | Civil No.    11cv528 H (PCL)<br><br>**ORDER:**<br><br>**DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING U.S. MARSHAL TO SERVE SUMMONS AND SECOND AMENDED COMPLAINT (DOC. 26.)** |

On July 12, 2012, Plaintiff moved this Court for issuance of an Order directing the U.S. Marshal to re-attempt service as to the remaining unserved defendant, T Marquez. (Doc. 26.)

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint. FED.R.CIV.P. 4(c)(2); 28 U.S.C. § 1915(d) (in IFP proceedings, "[t]he officers of the court shall issue and serve all process, and

perform all duties in such cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). In order to allow 28 U.S.C. §§ 1915 and 1915A to operate harmoniously with FED.R.CIV.P. 4(m), where a necessary delay occurs, Rule 4(m)'s 120-day time for service may be suspended for a time by the Court. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 459-60 (3rd Cir. 1996); see also Shabazz v. Franklin, 380 F. Supp. 2d 793, 799-800 (N.D. Texas 2005); Warren v. Ruffcorn, 2001 WL 34043449 at *4 (D. Oregon 2001) (unpublished).

Here, Plaintiff failed to show good cause for his failure to affect service as to Defendant T Marquez. Service was attempted as to T. Marquez but it was returned unexecuted because "there is no registered nurse named T. Marquez working at Calipatria." (Doc. 15, at 1.) In his motion to re-attempt service as to Marquez, Plaintiff gives the same address for T. Marquez at Calipatria State Prison but fails to give any reasons why this person would be found there. Thus, Plaintiff's Motion for an Order Directing U.S. Marshal Service as to Plaintiff's Second Amended Complaint is hereby DENIED.

**IT IS SO ORDERED.**

DATED: July 19, 2012

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: District Judge Huff; all parties         2         11cv528 H PCL